# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>BRYANT OTTER, et al.,<br><br>Defendants. | Case No. 18-cv-01689-BLF<br><br>**ORDER GRANTING DEFENDANT ROPER'S MOTION TO DISMISS CLAIM 1 FOR LACK OF SUBJECT-MATTER JURISDICTION; EXERCISING SUPPLEMENTAL JURISDICTION**<br><br>[Re: ECF 23] |

Before the Court is Defendant Thomas Roper's motion to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Mot., ECF 23. Roper argues that Plaintiff Scott Johnson's only federal claim—brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*—is moot because Roper has ceased all business operations and permanently vacated the premises at issue. The Court agrees with Roper that the ADA claim is moot, and for the following reasons GRANTS Roper's motion to dismiss the ADA claim. However, the Court chooses to EXERCISE supplemental jurisdiction over the remaining state law claim so long as Johnson's nearly identical federal claims remain pending against Defendant Bryant Otter.

## I. BACKGROUND

Johnson is a level C-5 quadriplegic who relies on a wheelchair for mobility. Compl. ¶ 1, ECF 1. He also has significant manual dexterity impairments. *Id.* Johnson alleges that in July 2016, January 2017, February 2017, March 2017, and May 2017, he visited the Relax VIP Spa located at 999 W. San Carlos St., San Jose, California. *Id.* ¶¶ 2–13, 18, 39–43. During these visits, Johnson observed that the spa lacked a compliant, accessible parking space. *Id.* ¶¶ 18–31.

1  Johnson also observed that the spa did not provide an accessible path of travel from the parking lot
2  to the business office entrance. *Id.* ¶¶ 32–34. Johnson alleges that Defendant Bryant Otter
3  (against whom default was entered on May 2, 2018, ECF 10) owns the real property on which the
4  spa is located and that Roper owns the spa. *Id.* ¶¶ 2–14. Johnson filed this action against Otter
5  and Roper on March 19, 2018, alleging violations of the ADA and the California Unruh Civil
6  Rights Act, Cal. Civ. Code § 51–53. *See generally* Compl. For his ADA claim, he seeks only
7  injunctive relief to remove the alleged barriers to access. *See* Compl. ¶ 64; Compl., Prayer ¶ 1.

## II. LEGAL STANDARD

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the

complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

## III. DISCUSSION

### A. General Order 56

As a threshold matter, Johnson argues that Roper's motion violates this District's General Order 56 and should be denied on that basis. General Order 56 states in relevant part: "All other discovery and proceedings are STAYED unless the assigned judge orders otherwise." Johnson asserts that "Defendant's motion is premature as the motion was filed in violation of General Order 56's stay on all proceedings." Opp. at 2, ECF 27.

The Court disagrees. General Order 56 does not stay all proceedings in an ADA case, but instead stays only discovery and similar proceedings, and merely "dictates an early case management process that has been tailored to ADA access cases filed in this district." *Johnson v. Sebanc*, No. 18-cv-00585-DMR, 2018 WL 3159699, at *2 n.2 (N.D. Cal. June 28, 2018); *see also Johnson v. Winchester Campbell Props., LLC*, No. 18-cv-04153-VKD, 2018 WL 661994, at *2 (N.D. Cal. Dec. 18, 2018). In particular, judges in this District (including this Court) have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings or the court's jurisdiction. *Johnson v. 1082 El Camino Real, L.P.*, No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018); *Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery

3

issues, and does not bar a defendant from moving to dismiss on *res judicata* grounds"); *Che v. San Jose/Evergreen Cmty. College District Found., et al.*, No. 17-381-BLF, Dkt. No. 34 at 2 (N.D. Cal. May 26, 2017) ("[T]he Court concludes that the language imposing a stay on '[a]ll other discovery and proceedings' does not clearly encompass the filing of an answer or motion in response to a complaint." (alteration in original)).

As such, this Court holds that General Order 56 does not bar Roper from bringing the instant motion to dismiss for lack of subject matter jurisdiction.

### B. Defendants' Rule 12(b)(1) Motion

#### 1. ADA claim

The ADA's anti-discrimination provision applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The parties do not dispute that the spa qualifies as a place of public accommodation under section 12182(a).

Roper brings a factual challenge to the Court's subject-matter jurisdiction, arguing that he cannot be liable for an ADA violation because the spa terminated its occupancy and permanently vacated the premises in December 2017, meaning that Roper no longer owns or leases the spa or the real property on which it is located. Mot. at 2; Roper Decl. ISO Mot. ¶¶ 2, 3. He also avers that the spa does not plan to resume operations and that he does not have any other interest in the spa or the real property, which is currently for sale. Roper Decl. ¶¶ 3, 5. Roper "does not have control over the property or any ability or authority to make any changes to the alleged architectural barriers at the property." Mot. at 3 (citing Roper Decl. ¶ 6).

Johnson does not offer any contrary evidence to meet his burden to establish subject matter jurisdiction in the face of this evidence from Roper. *See St. Clair*, 880 F.2d at 201; *Savage*, 343 F.3d at 1040 n.2. Johnson argues that Roper's evidence of the spa's closure is insufficient because Roper's declaration is "self-serving" and inadequate to support his argument that the case against him is moot. Opp. at 2. Johnson also argues that Roper has not shown that he has permanently ceased operations at the spa and suggests that the Court infer that Roper will resume operations because he "only closed his business *after* being sued." *Id.* at 3–5 (emphasis in original).

The Court need not consider Roper's purported motivations for ceasing to operate the spa.

4

The uncontroverted evidence shows that Roper does not have an interest in the real property or the spa, and that the spa has permanently vacated the property. And the Ninth Circuit has recognized that affidavits are perfectly appropriate evidence for determining whether the Court has subject-matter jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage*, 343 F.3d at 1039 n.2).

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). In *Kohler v. Southland Foods, Inc.*, the Ninth Circuit held that the plaintiff's "[ADA] claims for prospective injunctive relief became moot once the restaurant ceased operation." 459 F. App'x 617 (9th Cir. 2011) (unpublished); *see also Johnson v. Lake Tahoe Partners*, No. CIV. S-13-2534 KJM, 2014 WL 2548830, at *3 (E.D. Cal. June 5, 2014) ("Courts have found ADA cases to be moot when the challenged premises have closed with no plans to reopen or lease to new tenants." (citing cases)). This is precisely the scenario here. In view of the record before the Court, Johnson cannot plausibly expect to encounter any of the alleged barriers in the future because the spa is no longer in operation and the property is for sale. *Moore*, 708 F. App'x at 485; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The Court finds Johnson's ADA claim moot and on that basis grants Roper's motion to dismiss for lack of subject matter jurisdiction.

### *2.* **California Unruh Act claim**

The Court has dismissed Johnson's only federal law claim against Roper, such that only the state law Unruh Act claim remains against Roper. However, an identical ADA claim and an identical Unruh Act claim remain in this case against Defendant Otter, against whom default has been entered. ECF 10. If the Court were to remand Roper's state law claims, two nearly identical law suits would proceed in separate venues. Such a result is neither convenient, economical, nor fair, and thus weighs in favor of the Court exercising jurisdiction over the state law claim against

Roper. *See Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) ("While 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity."). As such, the Court exercises supplemental jurisdiction over the state law claim against Roper, at least until the ADA claim against Otter is resolved, at which point the Court may reconsider whether supplemental jurisdiction is appropriate over the remaining state law claim against Roper.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Roper's motion to dismiss Johnson's ADA claim for lack of subject-matter jurisdiction under Rule 12(b)(1). The Court EXERCISES supplemental jurisdiction over Johnson's Unruh Act claim.

**IS SO ORDERED.**

Dated: February 5, 2019

_____
BETH LABSON FREEMAN
United States District Judge