UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRYANT OTTER, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-01689-BLF<br><br>**ORDER DISMISSING CLAIM 1 FOR LACK OF SUBJECT-MATTER JURISDICTION; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION; TERMINATING ACTION** |

On February 5, 2019, the Court dismissed Plaintiff Scott Johnson's only federal law claim (under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*) against Defendant Thomas Roper. *See* MTD Order, ECF 35. The Court held that the claim was moot because Roper has ceased all business operations and permanently vacated the premises at issue. MTD Order at 1, 4–5. The Court exercised supplemental jurisdiction over Plaintiff's state law claim (under California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53) because Plaintiff still had pending ADA and Unruh Act claims against Defendant Bryant Otter (who has not yet appeared in this case). *Id.* at 5–6. The Court noted that it was exercising supplemental jurisdiction over the state law claim against Roper "at least until the ADA claim against Otter is resolved, at which point the Court may reconsider whether supplemental jurisdiction is appropriate over the remaining state law claim against Roper." MTD Order at 6.

That same day, the Court issued an order to show cause to Plaintiff "why his ADA claim against Otter should not be dismissed as moot, and in turn why the Court should not decline to exercise supplemental jurisdiction over the remaining state law claims," in light of the Court's holding that the ADA claim was moot against Roper because the business had ceased operations on the premises. Or. to Show Cause at 1, ECF 36. Johnson's deadline to respond was February

1 | 19, 2019.[1] Johnson did not respond.

The Court fully adopts its reasoning from its Order on Defendant Roper's motion to dismiss and holds that Plaintiff's ADA claim against Defendant Otter is moot. Roper averred that the public accommodation at the center of this lawsuit (the Relax VIP Spa) terminated its occupancy and permanently vacated the premises in December 2017. Roper Decl. ISO Mot. ¶¶ 2, 3, ECF 23-2. He also testified that the spa does not plan to resume operations and that the real property is currently for sale. *Id.* ¶¶ 3, 5. The case law demonstrates that in scenarios such as this, the ADA claim for prospective injunctive relief is moot. *See Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618–19 (9th Cir. 2011) (unpublished); *see also Johnson v. Lake Tahoe Partners*, No. Civ. S-13-2534-KJM, 2014 WL 2548830, at *3 (E.D. Cal. June 5, 2014). Thus, as with Plaintiff's ADA claim against Defendant Roper, the Court holds that Plaintiff's ADA claim against Defendant Otter is moot, and on that basis dismisses the claim for lack of subject matter jurisdiction.

Having now dismissed each of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim [brought under supplemental jurisdiction] if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Accordingly, the federal claim against Defendant Otter is DISMISSED for lack of subject matter jurisdiction, and the state law claim against both Defendants is DISMISSED WITHOUT PREJUDICE to Johnson's bringing it in state court. The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated: February 21, 2019

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court set a deadline of Monday, February 18, 2019, which was a national holiday, making Plaintiff's deadline the following business day.